**William E. LIND, Jr., Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–550.**

United States Court of Veterans Appeals.

Nov. 20, 1992.

Michael E. Dunlavey, Erie, PA, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Leonard J. Selfon, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Associate Judges.

MANKIN, Associate Judge:

On August 18, 1992, a memorandum decision in the instant case summarily affirmed the November 29, 1990, decision of the Board of Veterans' Appeals (BVA) which denied service connection for multiple sclerosis. On September 1, 1992, appellant filed a motion for review of the Court's memorandum decision. Appellant's motion is denied. Nevertheless, the Court holds that the duty to assist was not fulfilled, and thus, the Court hereby vacates the August 18, 1992, memorandum decision, sua sponte, and issues this opinion in its place.

Appellant, William E. Lind, Jr., seeks reversal of a November 29, 1990, BVA decision which denied service connection for multiple sclerosis. The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. The Court remands this case to the BVA for fulfillment of the statutory duty to assist, pursuant to 38 U.S.C. § 5107(a) (formerly § 3007(a)).

Appellant served in the United States Marine Corps from 1954 to 1958. Where a veteran served continuously for 90 days or more during a period of war or during peacetime service after December 3, 1946, and multiple sclerosis becomes manifest to a degree of 10% within seven years from the date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of the disease during the period of service. This presumption may be rebutted by affirmative evidence to the contrary. *See* 38 U.S.C. §§ 1101, 1112(a)(4), 1113, 1137; 38 C.F.R. §§ 3.307(a)(3), 3.309(a) (1991). In order for there to be service connection within the presumptive period in this case, the multiple sclerosis must have manifested itself to a degree of 10% by April 1965.

Appellant submitted a statement from Dr. Milton Good which opined that, in regard to multiple sclerosis, "one can say with reasonable medical assurance that [the veteran's] illness began around 1965." R. at 53, 61. In 1989, the veteran completed an application for compensation or pension, in which he noted that although multiple sclerosis was "not officially diagnosed until 1972, the symptoms were apparent many years previously." R. at 45. This application also indicated that the veteran received benefits from the Social Security Administration (SSA). R. at 47. The veteran contends that the SSA determined he was totally disabled as of February 1972. Br. of Appellant at 3.

■ The Secretary has a duty to assist the veteran in developing the facts pertinent to the claim. 38 U.S.C. § 5107(a); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). The duty to assist must extend the liberal reading of the veteran's appeal "to include issues raised in all documents ... prior to the BVA decision." *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991). When the VA is put on notice, through the veteran's application, of the existence of SSA records, the VA must seek to obtain those records before proceeding with the appeal. *See Murincsak v. Derwinski,* 2 Vet.App. 363 (1992); *Masors v. Derwinski,* 2 Vet.App. 181 (1992). The duty to assist specifically includes requesting information from other federal agencies, such as the SSA. *Murincsak,* 2 Vet.App. at 370. In this case, by failing to obtain the veteran's SSA records, the VA breached its statutory duty to assist.

The Court remands this case for prompt fulfillment of the duty to assist and readjudication of veteran's claim, on the basis of all evidence and material of record and applicable provisions of law and regulations, and issuance of a new decision supported by an adequate statement of rea-

sons or bases. *See* 38 U.S.C. § 7104 (formerly § 4004); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991).

Accordingly, the Secretary's motion is DENIED and the BVA decision is REMANDED for proceedings consistent with this decision.