Citation Nr: 1111571 
Decision Date: 03/23/11 Archive Date: 04/05/11

DOCKET NO. 09-15 124 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Huntington, West Virginia


THE ISSUES

1. Entitlement to service connection for chronic obstructive pulmonary disease (COPD) with pulmonary fibrosis, to include as due to asbestos exposure.

2. Entitlement to service connection for a low back disability, to include as secondary to service-connected left knee disability.

3. Entitlement to service connection for hepatitis.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant
ATTORNEY FOR THE BOARD

G. E. Wilkerson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1979 to July 1983.

This appeal to the Board of Veterans' Appeals (Board) arose from a July 2008 rating decision in which the RO, inter alia, denied service connection for COPD, a low back disability, and hepatitis. In July 2008, the Veteran filed a notice of disagreement. A statement of the case (SOC) was issued in April 2009, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in April 2009.

In December 2010, the Veteran testified during a Board hearing before the undersigned Veterans Law Judge at the VA Central Office in Washington, DC; a transcript of the hearing is of record.
 
During the December 2010 hearing, the Veteran also submitted a letter indicating that he withdrew from appeal the claims for service connection for bilateral hearing loss and tinnitus. As the withdrawn issues are no longer before the Board (see 38 C.F.R. § 20.204), the appeal is limited to the three issues reflected on the title page.

The Board's decision on claim for service connection for hepatitis is set forth below. The claims for service connection for COPD and a low back disability are addressed in the remand following the order; these matters are being remanded to the RO via the Appeals Management Center (AMC) for additional development. VA will notify the appellant when further action, on his part, is required.



FINDINGS OF FACT

1. All notification and development actions needed to fairly adjudicate the claim herein decided have been accomplished. 

2. Hepatitis was not shown in service, and there is no medical evidence or opinion even suggesting that there exists a medical relationship between any current hepatitis and service.


CONCLUSION OF LAW

The criteria for service connection for hepatitis are not met. 38 U.S.C.A. 
§§ 1110, 5103, 5103A, 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2002 & Supp. 2010)) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2010).

Notice requirements under the VCAA essentially require VA to notify a claimant of any evidence that is necessary to substantiate the claim(s), as well as the evidence that VA will attempt to obtain and which evidence he or she is responsible for providing. See, e.g., Quartuccio v. Principi, 16 Vet. App. 183 (2002) (addressing the duties imposed by 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b)). As delineated in Pelegrini v. Principi, 18 Vet. App. 112 (2004), after a substantially complete application for benefits is received, proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim(s); (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) must ask the claimant to provide any evidence in her or his possession that pertains to the claim(s), in accordance with 38 C.F.R. § 3.159(b)(1).

The Board notes that, effective May 30, 2008, 38 C.F.R. § 3.159 has been revised, in part. See 73 Fed. Reg. 23,353- 23,356 (April 30, 2008). Notably, the final rule removes the third sentence of 38 C.F.R. § 3.159(b)(1), which had stated that VA will request that a claimant provide any pertinent evidence in his or her possession.

VA's notice requirements apply to all five elements of a service connection claim: veteran status, existence of a disability, a connection between a veteran's service and the disability, degree of disability, and effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

VCAA-compliant notice must be provided to a claimant before the initial unfavorable decision on a claim for VA benefits by the agency of original jurisdiction (in this case, the RO). Id.; Pelegrini, 18 Vet. App. at 112. See also Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. 
Cir. 2003). However, the VCAA notice requirements may, nonetheless, be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. Id.

In this appeal, in a June 2007 pre-rating letter, the RO provided notice to the Veteran explaining what information and evidence was needed to substantiate the claim for service connection, what information and evidence must be submitted by the Veteran, and what information and evidence would be obtained by VA; this letter also provided the Veteran with general information pertaining to VA's assignment of disability ratings and effective dates, as well as the type of evidence that impacts those determinations. The July 2008 rating decision reflects the initial adjudication of the claim after issuance of this letter. Hence, the June 2007 letter-which meets the pertinent content of notice requirements described in Pelegrini, and Dingess/Hartman-also meets the VCAA's timing of notice requirement.

The record also reflects that VA has made reasonable efforts to obtain or to assist in obtaining all relevant records pertinent to the matter herein decided. Pertinent medical evidence associated with the claims file consists of service, VA, and private treatment records and the report of a June 2008 VA examination. Also of record and considered in connection with the appeal is the transcript of the Veteran's December 2010 Board hearing, along with various written statements provided by the Veteran and by his representative, on his behalf. The Board also finds that no additional RO action to further develop the record in connection with this claim is warranted. 

The Board acknowledges that the Veteran was not afforded a VA examination in response to his claim for service connection for hepatitis. In this case, there is no medical evidence whatsoever to even suggest that any current hepatitis had its onset during service or is otherwise medically related to service. On these facts, the current record does not reflect even a prima facie claim for service connection for hepatitis, VA has no obligation to arrange for the Veteran to undergo examination or to obtain a medical opinion in connection with this claim. See 38 U.S.C.A. § 5103A(d); Wells v. Principi, 326 F. 3d. 1381, 1384 (Fed. Cir. 2003). See also Duenas v. Principi, 18 Vet. App. 512 (2004) (per curium).

The Board also notes that the Veteran has submitted a statement from the Social Security Administration (SSA) reflecting that he is in receipt of disability benefits. The SSA decision and records used to reach that decision are not of record. However, the statement from SSA reflects that it considered the Veteran's lung disease, back and neck pain, depression, anxiety, and substance abuse issues in determining the award of benefits. There is no mention of hepatitis in this record, and neither the Veteran nor his representative has argued that outstanding SSA records are in any way pertinent to the claim being adjudicated. Hence, the Board finds that, pertinent to this claim herein decided, it is unnecessary to require that additional adjudication resources be expended to obtain these records. See 38 U.S.C.A. § 5103A(b),(c); Baker v. West, 11 Vet. App. 163, 169 (1998); Gravois v. Brown, 6 Vet. App. 136, 139 (1994); Gobber v. Derwinski, 2 Vet. App. 470, 472 (1992).

In summary, the duties imposed by the VCAA have been considered and satisfied. Through various notices of the RO, the Veteran has been notified and made aware of the evidence needed to substantiate the claim, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. There is no additional notice that should be provided, nor is there any indication that there is additional existing evidence to obtain or development required to create any additional evidence to be considered in connection with the claim herein decided. Consequently, any error in the sequence of events or content of the notice is not shown to prejudice the Veteran or to have any effect on the appeal. Any such error is deemed harmless and does not preclude appellate consideration of the matter herein decided, at this juncture. See Mayfield v. Nicholson, 20 Vet. App. 537, 543 (2006) (rejecting the argument that the Board lacks authority to consider harmless error). See also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998).

II. Analysis

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The Veteran's service treatment records reflect no complaints, findings, or diagnosis pertinent to hepatitis. The report of the Veteran's June 1983 discharge examination includes no notation with respect to hepatitis or any liver abnormality.

Following service, records from the Winchester Medical Center from October 2005 note a questionable history of hepatitis C. 

VA outpatient treatment records beginning in October 2006 list a past medical history of chronic hepatitis C without mention of hepatic coma. This diagnosis is continued through VA outpatient records in 2010. However, there is no indication of active treatment or complaints related to the disease.

The Veteran also submitted a hepatitis risk factors questionnaire. He reported intravenous drug use in 1988, intranasal cocaine use in 1988, high-risk sexual activity in 1976, and body piercing. However, he denied blood transfusion, accidental exposure to blood in healthcare work, hemodialysis, tattoos, acupuncture, shared toothbrushes, and shared razorblades.

During the Veteran's December 2010 Board hearing and in various statements, he expressed his belief that his hepatitis could be related to in-service inoculation or to use of contaminated dental equipment during dental treatment in service.

The Board notes that the above-cited evidence reflects some suggestion of a post-service diagnosis of hepatitis C. However, there is no competent evidence or opinion even suggesting that there exists a medical nexus between any current hepatitis C and any incident of service, to include inoculation or contaminated dental equipment, as alleged. None of the private or VA medical records treatment records of record reflects any such comment to that effect, and neither the Veteran nor his representative has presented or identified any such existing medical evidence or opinion. Moreover, the Veteran has endorsed many common risk factors for hepatitis, including intravenous drug use, intranasal cocaine, piercings, and high-risk sexual activity. 

Furthermore, as regards any direct assertions of Veteran and his representative that the Veteran's hepatitis is related to service, no such assertions alone, provide a basis for allowance of the claim. The matter of medical etiology upon which this claim turn is within the province of trained medical professionals. See Jones v. Brown, 7 Vet. App. 134, 137-38 (1994). As the Veteran and his representative are not shown to be other than laypersons without the appropriate medical training and expertise, neither is competent to render a probative (persuasive) opinion on such a medical matter. See, e.g., Bostain v. West, 11 Vet. App. 124, 127 (1998), citing Espiritu v. Derwinski, 2 Vet. App. 492 (1992). See also Routen v. Brown, 10 Vet. App. 183, 186 (1997) ("a layperson is generally not capable of opining on matters requiring medical knowledge"). Hence, the lay assertions in this regard have no probative value.

For all the foregoing reasons, the Board concludes that the claim for service connection must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the- doubt doctrine. However, as no competent, probative evidence supports a finding that any current hepatitis is medically-related to service, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53- 56 (1990).


ORDER

Service connection for hepatitis is denied.



REMAND

The Board review of the claims file reveals that further RO action in the remaining claims on appeal is warranted.

With regard to the Veteran's claimed low back disability, the Veteran has asserted that he injured his back in service as the result of a motor vehicle accident in 1980, and that his back has gotten worse since his discharge from service. Alternatively, as discussed during his December 2010 Board hearing, he asserted that his low back problems are secondary to his service-connected left knee disability. During the hearing, the Veteran reported that his knee disability aggravated his back disability. The Board notes, however, that the RO has not considered the Veteran's low back claim under this secondary theory of entitlement. To avoid any prejudice to the Veteran, the RO should adjudicate the expanded claim for service connection, , to include on a secondary basis, in the first instance. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993). Hence, a remand of this matter, for this purpose, is warranted.

The Board also finds, prior to reajudication of the expanded claim for service connection for low back disability, further development of this claim, as well as the claim for service connection for COPD, is warranted.

As noted above, documents of record indicate that the Veteran receives disability benefits from the SSA. A letter from SSA reflects that these benefits may have been awarded, at least in part, on the basis of low back and lung disabilities. While SSA records are not controlling for VA determinations, they may be "pertinent" to VA claims. See Murincsak v. Derwinski, 2 Vet. App. 363 (1992); Collier v. Derwinski, 1 Vet. App. 412 (1991). Hence, when the VA is put on notice of the existence of SSA records, as here, it must seek to obtain those records before proceeding with the appeal. See Murincsak; see also Lind v. Principi, 3 Vet. App. 493, 494 (1992). Thus, the Board finds that the RO should obtain and associate with the claims file a copy of SSA's determination on the Veteran's claim, as well as copies of all medical records underlying that determination, following the current procedures prescribed in 38 C.F.R. § 3.159(c) with respect to requesting records from Federal facilities.

Additionally, the record reflects that there are outstanding VA medical records which may be pertinent to the claims remaining on appeal. In this regard, the Board notes that the record includes treatment records from the Martinsburg VA Medical Center (VAMC) through April 2010. The Board emphasizes that records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Hence, the RO should obtain any records of treatment from VAMC Martinsburg from April 2010 following the current procedures prescribed in 38 C.F.R. § 3.159(c) as regards requests for records from Federal facilities.


Also, to ensure that all due process requirements are met, while these matters are on remand, the RO should also give the appellant another opportunity to provide information and/or evidence pertinent to the claims remaining on appeal, explaining that he has a full one-year period for response. See 38 U.S.C.A. § 5103(b)(1) (West 2002); but see also 38 U.S.C.A. § 5103(b)(3) (West Supp. 2010) (amending the relevant statute to clarify that VA may make a decision on a claim before the expiration of the one-year notice period).

Thereafter, the RO should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2010). 

The actions identified herein are consistent with the duties to notify and assist imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2002); 38 C.F.R. § 3.159 (2010). However, identification of specific actions requested on remand does not relieve the RO of the responsibility to ensure full VCAA compliance. Hence, in addition to the actions requested above, the RO should also undertake any other development or notification action deemed warranted prior to adjudicating the claims remaining on appeal. 

Accordingly, these matters are hereby REMANDED to the RO, via the AMC, for the following actions:

1. The RO should obtain from the Martingsburg VAMC all outstanding pertinent records of evaluation and/or treatment of the Veteran since September 2010. The RO must follow the procedures set forth in 38 C.F.R. § 3.159(c) as regards requesting records from Federal facilities. All records and/or responses received should be associated with the claims file.

2. The RO should request that SSA furnish a copy of its decision awarding the Veteran disability benefits, as well as copies of all medical records underlying that determination. In requesting these records, the RO should follow the current procedures of 38 C.F.R. § 3.159(c) with respect to requesting records from Federal facilities. All records/responses received should be associated with the claims file.

3. The RO should send to the Veteran and his representative a letter requesting that the Veteran provide sufficient information, and if necessary, authorization, to enable it to obtain any additional evidence pertinent to the claims for service connection for COPD and/or for a low back disability, to include as secondary to a service-connected left knee disability. The RO should explain the type of evidence that is the Veteran's ultimate responsibility to submit.

The RO's letter should clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

4. If the Veteran responds, the RO should assist him in obtaining any additional evidence identified by following the current procedures set forth in 38 C.F.R. § 3.159. All records/responses received should be associated with the claims file. If any records sought are not obtained, the RO should notify the Veteran and his representative of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

5. To help avoid future remand, the RO must ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268 
(1998).

6. After completing the requested actions, and any additional notification and/or development deemed warranted, the RO should adjudicate the claims for service connection for a low back disability, to include as secondary to a service- connected left knee disability, and for COPD, in light of all pertinent evidence and legal authority.

7. If the benefit sought on appeal remains denied, the RO should furnish to the Veteran and his representative an appropriate supplemental SOC that includes clear reasons and bases for all determinations, and afford them the appropriate time period for response before the claims file is returned to the Board for further appellate consideration.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication, and it is not the Board's intent to imply whether the benefit requested should be granted or denied. The appellant need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999); Colon v. Brown, 9 Vet. App. 104, 108 (1996); Booth v. Brown, 8 Vet. App. 109 (1995); Quarles v. Derwinski, 3 Vet. App. 129, 141 (1992).

This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 



action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010). 



______________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs