Citation Nr: 1454750 
Decision Date: 12/11/14 Archive Date: 12/17/14

DOCKET NO. 13-10 415 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to compensation under 38 U.S.C.A. § 1151 for additional disability claimed as due to VA care, or lack of proper care, for a broken finger on the left hand.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

R. Kipper, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1953 to August 1956. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. In May 2014, the Board remanded the case for further development.

The Veteran has not been afforded a hearing in regard to his claim because he did not elect any hearing option on his substantive appeal, VA Form 9, and he has not otherwise informed VA that he wishes to have a hearing. As he has not clearly elected a hearing, the Board has determined that none is warranted. 38 C.F.R. § 20.703 (2014).

Additionally, the Board recognizes that, following the issuance of the October 2014 supplemental statement of the case, the Veteran submitted additional lay statements in support of his claim. Specifically, in October 2014, he submitted a statement directly to the Board. No waiver of initial review by the agency of original jurisdiction (AOJ) accompanied this evidence; however, as the Veteran's claim is remanded for additional development, the AOJ will have an opportunity to consider such evidence in the readjudicaiton of his claim on the merits. 38 C.F.R. 
§ 20.1304(c) (2014).

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. Accordingly, any future consideration of the Veteran's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As indicated in the Introduction, this claim was most recently remanded in May 2014. Unfortunately, the ordered development remains to be completed. Accordingly, another remand is regretfully required. Stegall v. West, 11 Vet. App. 268 (1998).

The Veteran has claimed entitlement to benefits under 38 U.S.C.A. § 1151 for additional disability claimed as due to VA care, or lack of proper care, for a broken finger on the left hand that was treated at the VA Medical Center (VAMC) in Mountain Home, Tennessee. 

The record reflects that the Veteran sought treatment in October 2010 for an injury to the third finger on the left hand that he had sustained while playing softball approximately 11 days earlier. An October 2010 x-ray report notes an impression of "[a]cute/recent avulsion fractures with intra-articular extension involving the volar articular base of the third middle phalanx and dorsal articular base of the distal phalanx.... Scattered mild degenerative joint disease." The record reflects that the Veteran received follow-up treatment over the next few months. 

The Veteran contends that between his initial procedure and his first follow-up appointment, he bumped his finger while doing yard work and experienced pain. He asserts that he advised his doctors that he thought he may have re-injured his finger, but that they told him the x-rays looked good and his hand was healing nicely. He contends that his finger should have been reset, but that it was not, which resulted in his current finger deformity. 

The Board remanded the Veteran's claim in May 2014 for a medical examination and opinion. The Board directed the VA examiner to specifically identify all chronic disability residuals associated with the VA treatment the Veteran received in connection with his October 2010 finger injury, and for each disability identified, to opine as to whether it is at least as likely or not that the Veteran incurred the disability (or permanent aggravation of the severity of the disability) as a result of VA treatment. Subsequently, an August 2014 VA examiner opined that "[t]he condition claimed was less likely than not (less than 50% probability) incurred in, caused by, or permanently aggravated by the claimed VA treatment." However, in the rationale section of the opinion, the examiner indicated that the Veteran had the following residual disabilities: ankylosis of the left long finger PIP joint, mallet finger deformity, and residual weakness of the fractured finger and the adjacent index and ring fingers, and opined that these residual disabilities are attributed to the nature progression of the Veteran's "intra-articular fracture with flexion deformity." The Board finds that the VA opinion does not comply with the May 2014 Remand directives and is inadequate with which to decide the Veteran's claim. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate); see also Stegall v. West, 11 Vet. App. 268 (1998). 

The Board emphasizes that the paramount issue in a case based on 38 U.S.C.A. § 1151 is whether there was any additional disability resulting from VA care and/or treatment. See 38 U.S.C.A. § 1151; 38 C.F.R. § 3.358. However, although the VA examiner indicated that the Veteran has several residual finger disabilities, he did not clearly articulate whether each of those disabilities was incurred as a result of VA treatment, nor did he specifically address the treatment records in opining that the Veteran incurred no additional disability as a result of VA treatment. Moreover, the Board observes that the August 2014 VA examiner's opinion includes contradictory statements regarding the relationship between VA treatment and the Veteran's current finger deformities. Although the examiner noted that the Veteran had no deformity upon follow-up examination in November 2010, the examiner also stated that the Veteran's residual disabilities, including mallet finger deformity, were caused by the natural progression of the "intra-articular fracture with flexion deformity." Thus, it is unclear from the examiner's statements whether any residual finger deformity was the result of VA treatment of the Veteran's finger injury.

In light of the foregoing, the Board believes that an open medical question remains as to whether the Veteran's additional disabilities of the left, long finger were actually caused by his original fracture, or by VA's treatment for that fracture. Therefore, this claim must again be remanded for the RO/AMC to obtain a VA addendum medical opinion for the issue. 

Moreover, the Board's May 2014 remand directed the RO/AMC to "obtain all of the Veteran's left hand x-rays, including x-rays from October 2010 through December 2010, and associate those records with the claims file" prior to scheduling the Veteran for a VA examination. However, there is no indication from the claims file that this development was completed or that the August 2014 examiner reviewed those x-rays. A remand by the Board confers on a claimant, as a matter of law, the right to compliance with the remand orders and provides that the Secretary of VA has a concomitant duty to ensure compliance with the terms of the remand. Stegall v. West, 11 Vet. App. 268 (1998). Because the mandates of the Board's remand were not adhered to, the claim must again be remanded so that remedial compliance with the Board's May 2014 remand can occur.

Additionally, the record reflects that the Veteran has been receiving private treatment for his finger disabilities. Specifically, in June 2011, the Veteran reported to a VA physician that he sought treatment for his finger through a private hand specialist. Additionally, in statements in support of his claim, the Veteran appears to contend that other doctors have suggested that his finger treatment was not adequate. (See January 2012 Notice of Disagreement). When VA is put on notice of the existence of private medical records, VA must attempt to obtain those records before proceeding with the appeal. See Lind v. Principi, 3 Vet. App. 493, 494 (1992); Murincsak v. Derwinski, 2 Vet. App. 363 (1992). Because it appears that there may be outstanding private medical records containing information pertinent to this claim, those records should be obtained on remand.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1) The RO/AMC should send the Veteran the necessary authorizations for the release of any private treatment records related to his left long finger disability. The Veteran should be asked to supply the names, addresses, and approximate dates of treatment for any private medical care provider. After securing any necessary release forms, with full address information, all records of medical treatment for the Veteran's left long finger disability should be requested. All records obtained pursuant to this request must be included in the Veteran's claims file. If the search for such records has negative results, documentation to that effect should be included in the claims file in accordance with 38 C.F.R. § 3.159(c)(1). The Veteran should also be afforded the opportunity to identify any outstanding relevant VA treatment records.

2) Obtain all of the Veteran's left hand x-rays, including x-rays from October 2010 through December 2010, and associate these records with the claims file.

3) Thereafter, request from the same VA examiner who performed the August 2014 examination, if available, a clarifying opinion regarding causation of the Veteran's additional left hand disability. If he is unavailable, refer the Veteran's claims file to another suitably qualified VA examiner.

The examiner must review all pertinent records associated with the VA claims file and electronic records, including the Veteran's x-rays from October 2010 through December 2010, as well as a copy of this Remand and the May 2014 Board Remand. The VA examiner must indicate in the VA examination report whether the Veteran's VA claims file and electronic records were reviewed. If necessary, a repeat examination, to include any testing believed to be required to answer the following questions, should be scheduled.

The examiner is requested to answer the following questions:

(a) Did the Veteran suffer additional disability of the left hand, as the result of hospital care, medical or surgical treatment, or examination furnished to the Veteran in connection with his October 2010 injury to the third finger of his left hand? The examiner should specifically identify each such residual disability.

In answering the question above, the examiner must compare the Veteran's condition immediately before the beginning of the hospital care or medical or surgical treatment provided by VA to that of the Veteran's condition after such care or treatment.

(b) If so, is it at least as likely as not that any additional disability was caused by (i) carelessness, negligence, lack of proper skill, error in judgment, or a similar instance of fault on the part of VA in the care or treatment relating to the Veteran's October 2010 injury to the third finger of his left hand, to include the follow-up care the Veteran received or (ii) an event not reasonably foreseeable? 

In other words, did VA providers fail to exercise the degree of care that would be expected of a reasonable health care provider, either through action or inaction?

A detailed rationale should be provided for all opinions offered.

4) After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and give the opportunity to respond thereto. Thereafter, the case should be returned to the Board, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).