Citation Nr: 1812669 
Decision Date: 02/28/18 Archive Date: 03/08/18

DOCKET NO. 13-27 490 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Whether the reduction of the disability rating for posttraumatic stress disorder (PTSD) from 50 to 30 percent, effective September 1, 2015, was proper.

2. Entitlement to an increased rating for PTSD.

3. Entitlement to an evaluation in excess of 10 percent for residuals of shrapnel wound of the left lower leg.

4. Entitlement to an evaluation in excess of 10 percent for residuals of shrapnel wound of the left upper thigh.

5. Entitlement to an evaluation in excess of 10 percent for residuals of shrapnel wound of the right upper thigh.

6. Entitlement to an evaluation in excess of 20 percent for residuals of shrapnel wound with scar formation and loss of tissue over the right posterior calf.

7. Entitlement to an evaluation in excess of 30 percent for posttraumatic migraine headaches. 

8. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 
 


REPRESENTATION

Veteran represented by: Calvin Hansen, Attorney


ATTORNEY FOR THE BOARD

D. Schechter, Counsel


INTRODUCTION

The Veteran served on active duty from February 1969 to June 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from May 2013 and June 2015 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska. 

The Board remanded the Veteran's appealed claims in December 2015 for initial Agency of Original Jurisdiction (AOJ) review of newly obtained evidence. The Board remanded the appealed claims again in March 2017 to obtain indicated records underlying an award of Social Security Administration (SSA) disability benefits, as well as to obtain additional VA treatment records. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

The Veteran by his VA Form 9 in April 2016 explicitly informed that he was in receipt of Social Security Administration (SSA) disability benefits and that those records had not been obtained in furtherance of his VA claims. The Board accordingly remanded the claims in March 2017 in part to obtain those SSA records. 

The RO then made an initial secure messaging query to SSA for medical records, and made a single formal request to SSA for records, also in March 2017. SSA provided a single reply in March 2017 that there were no medical records of the Veteran. It does not appear that the RO made any further request to SSA, nor did the RO seek to confirm with the Veteran regarding his statement that he was receiving SSA disability benefits. 

The Board sees no reason based on the prior record to doubt the Veteran's receipt of SSA benefits. Caluza v. Brown, 7 Vet. App. 498, 511, 512 (1995), aff'd per curiam, 78 F.3d. 604 (Fed. Cir. 1996). Hence, it appears likely that there may be SSA records to be obtained. The Board is aware of the limited reliability of initial responses from SSA regarding the existence of requested records. In the case of federal records, VA's duty to assist requires it to make as many requests as necessary to secure relevant federal records once VA is made aware of their existence. See 38 U.S.C.A. § 5103A (c); 38 C.F.R. § 3.159 (c)(2); Lind v. Principi, 3 Vet. App. 493, 494 (1992). Accordingly, prior to the Board's adjudication of the appealed claims, the RO must make at least one further attempt to obtain a complete copy of the Veteran's SSA file, including all adjudicative actions and all underlying treatment and examination records. 


Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the claims file any outstanding VA treatment records. 

2. The RO should contact the Veteran and confirm that he is in receipt of SSA benefits based on disability, and not SSA retirement benefits. 

3. Unless the Veteran expressly denies that he is in receipt of SSA disability benefits, the RO should specifically ask SSA for confirmation as to whether the Veteran is in receipt of any SSA benefits based on disability. If the Veteran is not in receipt of SSA benefits based on disability, then a negative reply from SSA should be documented in the record. If the Veteran is in receipt of SSA benefits based on disability, a complete copy of the SSA file including all adjudicative actions and all underlying treatment and examination records should be obtained and associated with the record. 

4. Thereafter, and following any other indicated development, the RO should readjudicate the appealed claims. If any of the benefits sought remain denied, issue a supplemental statement of the case and then return the case to the Board, as appropriate. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
LANA JENG
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).